■ JULIA DIXON et al., Appellants, v CITY OF NEW YORK et al., Respondents. [824 NYS2d 315]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated February 8, 2005, which denied that branch of their cross motion which was for summary judgment on the issue of liability with respect to the claims to recover damages caused by exposure to lead-based paint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, born October 16, 1992, resided in the subject premises since birth. The premises, which is owned or managed by the defendants and is not a multiple dwelling, was the subject of two lead-based paint abatement orders: order No. 92-429 involving the bedroom and order No. 93-1166 involving the bathroom. The New York City Department of Health did not deem the premises free of lead-based paint hazards until July of 1996. The plaintiffs moved for summary judgment on the issue of liability with respect to the claims to recover damages caused by exposure to lead-based paint, claiming that the defendants' efforts to remedy the lead-based paint hazards were unreasonable as a matter of law. The Supreme Court denied the motion. We affirm.

Under the particular circumstances of this case, triable issues of fact preclude the granting of summary judgment. In opposition to the plaintiffs' prima facie establishment of their entitlement to judgment as a matter of law, the defendants raised a triable issue of fact as to the reasonableness of their remedial efforts with respect to order No. 92-429, involving the bedroom (*see Chapman v Silber,* 97 NY2d 9 [2001]). Although it appears, with respect to order No. 93-1166, involving the bathroom, that the defendants were negligent as a matter of law in waiting until June 26, 1995, to hire a plumber to repair active leaks, it cannot be determined as a matter of law from this record whether that negligence constituted a proximate cause of the infant plaintiff's injuries (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 648 [1996]). Indeed, the plaintiffs concede that "the issue of proximate cause of injury may need to be submitted to a factfinder."

Accordingly, that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability with respect to the claims to recover damages caused by exposure to lead-based paint was properly denied. Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.